# In the United States Court of Federal Claims

No. 20-362T
(Filed: February 18, 2021)
**NOT FOR PUBLICATION**

|  |  |
|---|---|
| PRECISE MANAGEMENT, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

**DISMISSAL ORDER**

Now pending before the court are the parties' responses, ECF Nos. 15, 17, to the court's December 11, 2020 order to show cause why this matter should not be dismissed for failure to prosecute, ECF No. 14. The court's order to show cause was prompted by plaintiff's failure to comply with this court's November 17, 2020 order directing plaintiff to file an amended complaint containing certain enumerated information required by Rule 9(m) of the Rules of the United States Court of Federal Claims (RCFC). *See* Order Granting Mot. for More Definite Statement at 1-2, ECF No. 13. For the reasons that follow, plaintiff's complaint is **DISMISSED** for failure to comply with this court's rules and order.

**I.    BACKGROUND**

On March 31, 2020, plaintiff, through counsel, filed a complaint in this court claiming that the Internal Revenue Service (IRS) failed "to properly handle claims for

refund in the form of amended tax returns on Employment and FUTA [(Federal Unemployment Tax)] . . . for periods in 2017 and 2018." Compl. ¶ 1, ECF No. 1.  The complaint alleges that plaintiff, an Alabama business, was subject to filing Forms 941, Employer's Quarterly Federal Tax Return, and Forms 940, Employer's FUTA Return, "for periods in 2011, 2017, and 2018 (among other periods)." *Id.* ¶ 7.

Paragraph 8 of the complaint asserts that on or about November 15, 2018, plaintiff filed amended Forms 941 for the periods ending December 31, 2017; March 31, 2018; and June 30, 2018, and that on January 15, 2018, plaintiff filed an amended Form 941 for the period ending December 31, 2011.  The complaint states that these Forms 941 were attached to the complaint as Exhibit A.  *Id.* ¶ 8.  However, Exhibit A contains only one signed Form 941 dated February 17, 2018 for the third or fourth quarter of 2017 (both boxes for these quarters are checked[1]), reporting that plaintiff had an unpaid tax liability of $663.30.  *Id.*, Ex. A.  This Form 941 did not claim an overpayment of tax.  *Id.*

Paragraph 9 of the complaint alleges that on or about November 15, 2018, plaintiff filed an amended Form 940 for the period ending December 31, 2017.  Plaintiff states that this Form 940 was attached as Exhibit B.  Compl. ¶ 9.  Exhibit B contains a signed Form 940 for 2017, dated February 17, 2018, reporting that no payments were made to employees in 2017.  *Id.*, Ex. B.  The Form 940 for 2017 is otherwise blank and does not claim an overpayment of tax.  *Id.*  Exhibit B also contains a signed Form 940 for 2018,

---

[1] Plaintiff later clarified that this Form 941 was for the fourth quarter of 2017.  Pl.'s Resp. ¶ 8, ECF No. 15.

2

dated March 11, 2019, that reported a balance due of $84.00.  *Id.*  The Form 940 for 2018 does not claim an overpayment of tax.  *Id.*

Contrary to the content of these attached forms, plaintiff alleges that the amended Forms 940 and 941 it filed "reported a balance of zero dollars and zero cents" and "operate as requests for refund per Federal taxation law."  Compl. ¶¶ 10-12.  Plaintiff then alleges that at an unspecified date, a notice of intent to levy was issued to plaintiff by the IRS.  *Id.* ¶ 13.  Plaintiff asserts that on January 23, 2019, plaintiff's tax counsel filed a Form 12153 Collection Due Process hearing request, presumably to contest the levy.  *Id.* ¶ 14.  However, on February 28, 2019, the IRS initiated two offsets levying $12,094.00 against unspecified accounts belonging to plaintiff.  *Id.* ¶ 15.  Plaintiff seeks a refund of this $12,094.00 and claims that the government "has refused and denied all requests for refund."  *Id.* ¶¶ 20-21.

On October 27, 2020, defendant the United States (government) filed a motion for a more definite statement under RCFC 12(e), arguing that plaintiff's complaint failed to comply with RCFC 9(m), which sets forth specific pleading requirements for tax refund suits.  Mot. for More Definite Statement at 1, ECF No. 12.  Plaintiff did not file a response.  On November 17, 2020, the court granted the motion, directing plaintiff to file an amended complaint by December 2, 2020.  Order Granting Mot. for More Definite Statement at 1.  In accordance with RCFC 9(m), the court ordered that the amended complaint contain the following:

> 1. A copy of each claim for refund filed by plaintiff for each tax period at issue, including but not limited to all of the forms referenced in paragraph 8

>of the complaint for the periods ending December 31, 2017; March 31, 2018; June 30, 2018; and December 31, 2011.
>
>2. A copy of the amended Form 940 referenced in paragraph 9 of the complaint for the period ending December 31, 2017.
>
>3. A statement identifying the tax years for which a refund is sought; the amount, date, and place of each payment to be refunded; the date and place each return was filed, if any; and the date and place each claim for refund was filed.

*Id.* at 1-2.

Plaintiff did not file an amended complaint or otherwise respond to the court's order by December 2, 2020. On December 11, 2020, the court issued an order directing plaintiff to show cause by December 21, 2020 as to why the case should not be dismissed for lack of prosecution. Order to Show Cause at 1.

Plaintiff timely responded to the court's show cause order but did not file an amended complaint that complied with RCFC 9(m). Instead, plaintiff argues that despite diligent efforts, it "has been unable to locate copies of [its] missing returns." Pl.'s Resp. ¶ 7, ECF No. 15. Plaintiff suggests that the IRS has the missing returns, which "may be recovered during discovery." *Id.* ¶¶ 13, 16. Plaintiff attaches an affidavit from its sole member, Mr. Ronjiel Sharpe, which lists the addresses to which Mr. Sharpe sent the missing returns. Aff. Of Ronjiel Sharpe ¶¶ 4-5, ECF No. 15-1. Plaintiff also contends that the Form 940 for 2017 attached to plaintiff's complaint, which is blank, "intended to . . . claim a refund of all amounts paid related to that [tax] period." Pl.'s Resp. ¶ 11. Plaintiff's response claims that the IRS "levied and took payments related to this Form

4

940." *Id.* ¶ 10.  According to plaintiff, the information provided in its response is sufficient for this matter to proceed.  *Id.* ¶ 15.

As ordered by the court, the government on February 8, 2021 filed a response to plaintiff's response to the court's show cause order.  Def.'s Resp., ECF No. 17.  The government argues that plaintiff's response fails to comply with RCFC 9(m) and the court's order granting the motion for a more definite statement.  *Id.* at 4-5.  Specifically, the government argues that plaintiff has again failed to provide a copy of each refund claim filed for any tax period in issue, the date and place of each payment to be refunded for the periods in issue, the date and place a return was filed for each period in issue, and the date and place the claims for refund were filed for the periods in issue.  *Id.*

Although referencing "missing returns" that could be recovered during discovery, the government contends that plaintiff failed to specifically identify these returns, and that, therefore, the government cannot verify whether it has them.  *Id.* at 3.  The government further argues that plaintiff did not identify the tax periods for the returns plaintiff was attempting to locate and did not identify whether the returns claimed a refund.  *Id.*  The government concludes that "because plaintiff's response to the show cause order failed to comply with the requirements of RCFC 9(m), and because plaintiff has, in any event, failed to establish the existence of subject matter jurisdiction, plaintiff's complaint should be dismissed."  *Id.* at 5.

II. **DISCUSSION**

A taxpayer seeking a refund of taxes erroneously or illegally assessed or collected may bring an action against the United States in the Court of Federal Claims.  *Walby v.*

5

*United States*, 957 F.3d 1295, 1298 (Fed. Cir. 2020) (citing 28 U.S.C. § 1346(a)(1)). However, under the Internal Revenue Code, certain preconditions must be met before a taxpayer may bring a tax refund suit. *Id.* "Specifically, the taxpayer must make full payment of the tax liability, bring a timely claim for refund with the IRS, and file a timely complaint after the refund claim is denied or deemed denied." *Id.* (citing I.R.C. § 7422(a)[2]); *see also United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4-5, 7-9 (2008); *Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993). "[U]nless a claim for refund of a tax has been filed within the time limits imposed by" the Internal Revenue Code, "a suit for refund . . . may not be maintained in any court." *Clintwood*, 553 U.S. at 5 (internal quotation and citation omitted).

The requirements of RCFC 9(m) reflect the "prerequisites" for maintaining a tax refund suit in this court. *Ellis v. United States*, 144 Fed. Cl. 548, 554 (2019) (citation omitted); *El v. United States*, 144 Fed. Cl. 741, 752 (2019). RCFC 9(m) states that in pleading a claim for a tax refund, a party must include "a copy of the claim for refund," RCFC 9(m)(2)(A), and a statement identifying, as relevant here, "the tax year(s) for which a refund is sought;" "the amount, date, and place of each payment to be refunded;" "the date and place the return was filed, if any;" and "the date and place the claim for

---

[2] I.R.C. § 7422(a) provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

refund was filed," RCFC 9(m)(2)(B). This court has consistently dismissed lawsuits where a plaintiff has failed to provide the information or documents required by RCFC 9(m). *See Adair v. United States*, No. 19-1122, 2020 WL 1486861, at *4 (Fed. Cl. Mar. 26, 2020) (collecting cases).

After a careful review of all of the parties' submissions in this case, the court agrees with the government that, because plaintiff has failed to include the requisite information under RCFC 9(m), dismissal is warranted. Def.'s Resp. at 5. Plaintiff has failed to provide the information necessary for the government to respond to and for the court to adjudicate plaintiff's tax refund suit. For example, plaintiff has failed to provide a copy of a claim for refund for any tax period in issue, as required by RCFC 9(m)(2)(A). The tax forms plaintiff attaches to its complaint are either blank or do not claim an overpayment of tax, and thus do not constitute claims for refund. *See* Compl., Exs. A, B; *see also Hale v. United States*, 143 Fed. Cl. 180, 188-89 (2019) (noting that an amended tax return that discloses an overpayment may constitute a claim for refund).

In its response to the court's order to show cause, plaintiff claims that its Form 940 for 2017 intended to "claim a refund of all amounts paid related to that period." Pl.'s Resp. ¶ 11. Plaintiff claims that the IRS "levied and took payments related to this Form 940." *Id.* ¶ 10. However, the Form 940 plaintiff attaches to its complaint is blank and does not disclose an overpayment of tax. Compl., Ex. B; *see Waltner v. United States*, 679 F.3d 1329, 1333-34 (Fed. Cir. 2012) (noting that a "return must contain sufficient data" to be a valid return for purposes of a refund claim). In addition, plaintiff's response to the court's order to show cause acknowledges that some tax returns relevant to

7

plaintiff's refund claims are "missing," and fails to identify the specific missing returns and tax years at issue. *See* Pl.'s Resp. ¶¶ 7, 13, 16; Def.'s Resp. at 4-5.

Plaintiff has also failed to provide a statement identifying the amount and place of each payment to be refunded. RCFC 9(m)(2)(B)(ii). Instead, plaintiff alleges in its complaint that the IRS on February 28, 2019 initiated two offsets levying $12,094.00 against unspecified accounts belonging to plaintiff. Compl. ¶ 15. To the extent that these offsets may be considered payments, plaintiff fails to identify the amount and place of each payment. RCFC 9(m)(2)(B)(ii). Simply alleging that the government wrongfully collected $12,094.00 in taxes is "insufficient to satisfy RCFC 9(m)'s specificity requirement." *Fujita v. United States*, No. 19-1274, 2020 WL 1487647, at *4 (Fed. Cl. Mar. 25, 2020), *aff'd*, No. 2020-1741, 2021 WL 446317 (Fed. Cir. Feb. 9, 2021); *see also Whiteford v. United States*, 148 Fed. Cl. 111, 121 (2020) (holding that even where "IRS records show plaintiffs['] compliance with the full payment" prerequisite for a refund suit, plaintiffs did not satisfy RCFC 9(m) because they failed "to attach copies of a refund claim").

Because plaintiff has failed to comply with the requirements of RCFC 9(m), despite being given specific instructions and multiple chances to do so, the court concludes that dismissal is appropriate pursuant to RCFC 9(m) and RCFC 41(b)[3] for failing to comply with this court's rules and order. *See Fujita*, 2020 WL 1487647, at *4

---

[3] RCFC 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it."

(alternatively dismissing a complaint under RCFC 9(m) and RCFC 41(b)); *Van Vorst v. United States*, No. 08-130, 2009 WL 1490587, at *2 (Fed. Cl. May 21, 2009) (noting that the court may dismiss a complaint "pursuant to RCFC 41(b)" for failing to "comply with RCFC 9(m)"); *see also El v. United States*, 144 Fed. Cl. at 752-53 (holding that dismissal was warranted where plaintiff failed to comply with RCFC 9(m) despite repeated opportunities to do so).

### III.   CONCLUSION

For the foregoing reasons, plaintiff's complaint is **DISMISSED** pursuant to RCFC 9(m) and RCFC 41(b) for failing to comply with this court's rules and order. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/Nancy B. Firestone<br>
NANCY B. FIRESTONE<br>
Senior Judge